UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD L. HAUPT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:03CV1438MLM |
| ) | |
| JIM MOORE, ) | |
| ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION

This matter is before the court on the Petition for Writ of Habeas Corpus filed by Petitioner Donald L. Haupt ("Petitioner") pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent Jim Moore filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted.[1] Doc. 10. Petitioner is currently incarcerated at the Northeast Correctional Center. Therefore, Jim Moore ("Respondent"), as the superintendent of that institution, is the proper party Respondent. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Doc. 9.

## I.
## BACKGROUND

On August 24, 1998, Petitioner was charged by Amended Information as follows: Count I, attempt to commit forcible sodomy, in violation of Mo. Rev. Stat. § § 566.060 and 564.011 and Count II, third degree assault in violation of Mo. Rev. Stat. § 565.070. Resp. Ex. B at 73-74.

---

[1] By Order dated January 22, 2004, the court granted Petitioner leave to file a traverse. Petitioner, however, did not file a traverse. Although Petitioner did not file a traverse, he provided a lengthy argument with his § 2254 Petition.

The Missouri appellate court summarized the evidence at Petitioner's trial as follows:[2]

> A 16-year-old girl ("Victim") was walking on the sidewalk of an outdoor shopping center in St. Charles County when she noticed a car following her. She started to walk faster to escape the car, but the car also sped up. When she broke into a run, the car cut her off, forcing her to run behind the buildings. The driver exited the car and said, "I'm going to get you, you bitch" and started to chase her. He grabbed her by the neck, forced her to the ground and demanded that she perform oral sex on him. As he moved to unfasten his pants, the assailant was distracted by a noise, and Victim took advantage of this opportunity to escape, running to a nearby store for help.
>
> When the police arrived at the store, Victim provided them with a description of her assailant as well as his car. She described her attacker as being a dark-skinned man, weighing about 180 pounds, who was about six feet tall and wore a mustache and dark glasses. She indicated that he was driving a beat-up, older blue Camaro with a license plate number beginning with the letter "Y." Police immediately broadcast Victim's description of her assailant and his car over the police radio.
>
> The police informed Victim that they had apprehended a suspect and took her to the scene of Defendant's traffic stop. The police car transporting Victim slowly circled Defendant and his car at a distance of about 40 to 50 feet. As soon as she saw him, Victim began crying and positively identified Defendant as her attacker.
>
> Police arrested Defendant and searched his car. Inside a small Igloo cooler on the front passenger seat of the car, police found several photographs of people in various stages of undress, along with several other personal items. At trial, the jury viewed these photographs over objection.

Resp. Ex. F at 2-3.

---

[2] In proceedings pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence." Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir.2003)). The law is clear that factual findings by state trial and appellate courts shall be presumed to be correct unless the federal court concludes that the state court findings are an unreasonable application of the facts in light of the evidence presented. See id. Additionally, the Eighth Circuit has held that a habeas petitioner must provide "clear and convincing" evidence "to overcome the presumption of correctness that the law assigns to" findings of the state courts. Ashker v. Class, 152 F.3d 863, 866 (8th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1); 28 U.S.C. § 2254(d)(2); Smith v. Jones, 923 F.2d 588, 590 (8th Cir. 1991)). See also Laws v. Armontrout, 863 F.2d 1377 (8th Cir. 1988); Brown v. Lockhart, 781 F.2d 654, 658 (8th Cir. 1986). The presumption applies to basic, primary or historical facts and the inferences that can properly be drawn regarding them. Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir. 1989).

Petitioner was found guilty as charged by a jury and the trial court sentenced him to concurrent terms of twenty years imprisonment for the sodomy conviction and one year for the assault conviction. Petitioner filed a direct appeal in which he raised the following issues: (1) the trial court erred in denying Petitioner's motion to suppress identification evidence because the out-of-court identification process was overly suggestive affecting reliability of the victim's identification of Petitioner, and (2) the court erred in denying Petitioner's "motion to suppress physical evidence and relevancy objections including insinuative photographs not relevant to the crime and their use was solely intended to arouse the jury's emotions and ultimately prejudiced the outcome." Resp. Ex. C at 10-11. By Order, dated November 23, 1999, the Missouri appellate court affirmed the judgment of the trial court. Resp. Ex. F.

Petitioner filed a pro se post-conviction relief motion on February 10, 2000. Resp. Ex. G at 4. Counsel was appointed and a First Amended Motion to Vacate, Set Aside, or Correct Judgment and request for evidentiary hearing was filed. Id. at 29. On September 6, 2002, the motion court issued its Findings of Facts and Conclusions of Law in which it found without merit the issues raised by Petitioner in his post-conviction relief motion. Id. at 66. On appeal of the decision of the motion court Petitioner raised the following issues: (1) Petitioner received ineffective assistance of trial counsel because trial counsel failed to authenticate Petitioner's exhibit A2 which was a cash register receipt showing that Petitioner purchased twenty-one items at 5:24 p.m. on June 23, 1997, and (2) Petitioner received ineffective assistance of counsel because his trial counsel failed to elicit testimony from Petitioner and/or the store clerk at Michael's regarding an extended conversation which Petitioner had with the clerk. Resp. Ex. H at 10-11. By Order, dated September 3, 2002, the Missouri appellate court denied Petitioner post-conviction relief and affirmed the judgment against him. Resp. Ex. J.

On October 6, 2003, Petitioner filed his § 2254 Petition in which he raises the following issues:

**(1)** The trial court erred in denying Petitioner's motion for a judgment of acquittal at the end of all evidence because the State's evidence was insufficient as a matter of law;

**(2)** The trial court erred in improperly admitting photographic evidence;

**(3)** Jury Instruction No. 1 was improper in that it resulted in a sentence which was contrary to law;

**(4)** "Outrageous conduct by the assistance prosecutrix."[3]

Doc. 4.

## II.
## EXHAUSTION, DEFAULT, and TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125

---

[3] Respondent suggests that Petitioner also raises as a separate ground for relief a claim that his direct appeal counsel was ineffective for failing to raise Ground 4 on appeal. Doc. 10 at 2. The court does not interpret Petitioner's Petition to include such a ground for habeas relief. In any event, Petitioner did not raise this issue in the appeal of the motion court's denial of his post-conviction relief motion. As such, for the reasons stated below in regard to Petitioner's default of Grounds 1, 3, and 4, the court likewise finds that Petitioner has procedurally defaulted the issue of ineffective assistance of appellate counsel based on appellate counsel's failure to raise the issue of Ground 4. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Additionally, for the reasons stated below in regard to Petitioner's failure to establish cause and prejudice to excuse his procedural default, the court finds that Petitioner has failed to establish cause and prejudice to excuse his procedural default of the argument that his direct appeal counsel was ineffective for failing to raise the issue of Ground 4 on appeal. See McKinnon v. Lockhart, 921, F.2d 830, 832 (8th Cir. 1990); Garrett v. United States, 78 F. 3d 1296, 1306 (8th Cir. 1996); Ziner v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995).

To the extent that the narrative attached to Petitioner's Petition alleges grounds for relief other than those specified in Grounds 1-4 above, the court notes that § 2254 requires that the petition "shall specify all the grounds for relief which are available to the petitioner." Moreover, "a [t]raverse is not the proper pleading to raise additional grounds for [habeas] relief." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). See also Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) (holding that a habeas petition must specify the grounds upon which relief is sought).

F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "'required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1997). The United States Supreme Court has recently held that because the "cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice" the Court has "recognized a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke, 541 U.S. at 393 (citing Murry v. Carrier, 477 US 478, 496 (1986); Schlup v. Delo, 513 U.S. 298, 298 (1995)). A habeas petitioner who wishes to have a procedurally defaulted claim

considered on its merits "'must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" McCoy v. Lockhart, 969 F.2d 649, 650 (8th Cir. 1992 ) (citing Sawyer v. Whitley, 505 U.S. 333 (1992)). Actual innocence is required to meet the miscarriage-of-justice exception. See Sweet, 125 F.3d at 1152 (citing Schlup, 513 U.S. at 316). The Supreme Court, however, has limited the application of the actual innocence exception to the capital sentencing context. See Dretke, 541 U.S. at 393. In Dretke, the Court declined to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. Rather, the Court held "that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Id. at 393-94. In any case, a "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default." Sweet, 125 F.3d at 1152 (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-55 (8th Cir. 1997)).

It has been held that "novel circumstances and arguments" may constitute cause for failing to excuse procedural default. In Reed v. Ross, 468 U.S. 1 (1984), "the Supreme Court recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals." McKinnon, 921 at 833 (citing Reed, 468 U.S. at 16). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the

federal court must determine if the exhaustion requirement has nonetheless been met because there are 'no currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

However, "only a 'firmly established and regularly followed state practice' will bar federal court review." Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). In Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002), the Eighth Circuit held that the law of Missouri does not require "prisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court." The Eighth Circuit concluded, in Randolph, that a state prisoner, seeking federal habeas review, need not seek transfer to the Missouri Supreme Court. Id. at 405.

In Duncan v Walker, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity to fully consider federal-law challenges to state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." See e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rose v. Lundy, 455 U.S. 509, 518-19 (1982). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Duncan, 533 U.S. at 179 (citing Rose, 455 U.S. at 518). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' " Id. (quoting Rose, 455 U.S. at 518) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). As stated by the Court in O'Sullivan, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim

7

and provide any necessary relief." The Court in Duncan further acknowledged that the exhaustion requirement is designed to reduce the risk of piecemeal litigation. 533 U.S. at 180. Thus, "'strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition.'" Id. (quoting Rose, 455 U.S. at 520).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254. The Court, in Duncan, recognized the need to reconcile the tolling provision of § 2244(d)(2) with the exhaustion requirement of § 2254(b). The Court held that:

> Section 2254(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued. At the same time, the provision limits the harm to the interest in finality by according tolling effect only to "properly filed application[s] for State post-conviction or other collateral review."

533 U.S. at 179-80.

The only issue which Petitioner raises in his § 2254 Petition which he raised in either his direct appeal or the appeal of his post-conviction relief motion is Ground 2 which challenges the admission into evidence of the photographs found in Petitioner's car. The court finds, therefore, that Petitioner has procedurally defaulted Grounds 1, 3, and 4. Petitioner contends that he was prevented from presenting these procedurally defaulted issues because his "trial attorney/or appeal attorney was negligent in his duties ... and precluded Petitioner from further review by not objecting to error." Doc. 4 at 6.

Before a habeas petitioner can argue ineffective assistance of counsel as cause for a procedural default, "a petitioner must first have presented this argument as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument." McKinnon v. Lockhart, 921 F.2d 830, 832 (8th Cir. 1990) (citing Smittie v. Lockhart, 843 F.2d 295, 298 (8th

8

Cir.1988); Leggins v. Lockhart, 822 F.2d 764, 768 n. 5 (8th Cir.1987)). See also Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000) ("'[A] claim of ineffective assistance,' ... generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" (quoting Murry v. Carrier, 477 U.S. 478, 489 (1986)). In McKinnon, the Eighth Circuit explained that presentation of a claim of ineffective assistance of counsel, including appellate counsel, in state court proceedings as an independent claim is mandated by the exhaustion doctrine. The exhaustion doctrine "is 'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Id. at 832 n.3(quoting Murray, 477 U.S. at 488-89).

Petitioner suggests that he did not default the issues of Grounds 1, 3, and 4 because he argued in his post-conviction motion that his counsel was ineffective for failing to appeal the issue of the trial court's failing to grant his motion for acquittal at the close of the State's case and at the close of all evidence. Significantly, Petitioner did not raise this issue in the appeal of the motion court's denial of his post-conviction relief motion. In the appeal of his post-conviction relief motion in State court Petitioner argued that he was denied effective assistance of counsel because his counsel failed to authenticate a cash register receipt and because counsel failed to elicit testimony from Petitioner or a store clerk regarding a conversation Petitioner had with the clerk. These ineffective assistance of counsel claims differ from the argument Petitioner makes before this court to excuse his procedural default. Petitioner could have raised in the appeal of the motion court's denial of post-conviction relief that his direct appeal counsel was ineffective for defaulting the issues of Grounds 1, 3, and 4. Because he did not do so the court finds that Petitioner did not raise as an independent Sixth Amendment claim in State court ineffective assistance of counsel sufficient to excuse his procedural default of Grounds 1, 3, and 4. See McKinnon, 921 F.2d at 832. The court further notes that

Petitioner does not suggest novel circumstances which would excuse his procedural default of Grounds 1, 3, and 4. See McKinnon, 921 F.2d at 833.

Moreover, in regard to the "prejudice" component of "cause and prejudice" to excuse procedural default, "actual prejudice" is required to overcome the procedural bar. Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995). "Prejudice, within the meaning of [the ineffective assistance of counsel standard as established by Strickland v. Washington, 466 U.S. 668 (1984)] occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair." Id. The Eighth Circuit, however, holds that the "'prejudice' component of 'cause and prejudice' [necessary to excuse procedural default] is analytically distinct from the Strickland prejudice." Id. at 1299 n.7. The "'actual prejudice' required to overcome the procedural bar must be a higher standard than the Strickland prejudice required to establish the underlying claim for ineffective assistance of counsel." Id. (citing United States v. Frady, 456 U.S. 152, 165-68 (1982) (holding that to obtain habeas relief on a defaulted claim, a petitioner must clear a significantly higher hurdle than would exist on direct appeal).

Petitioner claims he suffered as a result of his attorney's conduct. The court, however, notes the strength of the evidence against Petitioner presented at trial. The victim told officers that her assailant's car was an older blue Camaro and that its license plate began with a "Y"; when Petitioner was stopped by police he was driving a car which met this description. The victim also gave officers a physical description of her assailant which description Petitioner fit. Upon Petitioner's being stopped by officers he was held at the location of the stop where the victim identified him as her assailant. This identification was made shortly after the crime. As such, Petitioner has not established the level of prejudice required by Strickland, not to mention that he has not met the higher standard of prejudice required to excuse procedural default. See Ziner, 60 F.3d at 1299.

The court further notes that in regard to appellate counsel's failure to raise certain issues on appeal, the Eighth Circuit holds that the "'winnowing' of which issues to bring on appeal is a 'hallmark of effective advocacy;' counsel is not required to raise every conceivable issue on appeal." Garrett v. United States, 78 F.3d 1296, 1306 (8th Cir. 1996). The Eighth Circuit has stated that "'[l]aw is an art, not a science, and many questions that attorneys must decide are questions of judgment and degree. Among the most difficult are decisions as to what issues to press on appeal. . . . It is possible to criticize [an attorney's] choice in hindsight.'" Id. (quoting Simmons v. Lockart, 915 F.2d 372, 275 (8thCir. 1990)).

Because Petitioner has failed to establish he was prejudiced by his attorney's conduct, because he has failed to show novel circumstances, and because he did not raise as an independent claim in State court ineffective assistance of counsel so as to excuse his procedural default despite the opportunity to do so, the court finds that Petitioner has failed to state a basis upon which his procedural default of Grounds 1, 3, and 4 should be excused. The finds, therefore, that Grounds 1,3, and 4 should be dismissed. See McKinnon, 921 F.2d at 832 n.3.

### III.
### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326-29 (1997).

In Williams v. Taylor, 529 U.S. 363 (2000), the United States Supreme Court set forth the requirements for federal courts to grant writs of habeas corpus to state prisoners under § 2254. The Court held that "§2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application with respect to claims adjudicated on the merits in the state court." Id.

11

at 412. The Court further held that the writ of habeas corpus may issue only if the state-court adjudication resulted in a decision that:

> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. 412-13.

Williams further holds that the writ will not issue merely because the federal court concludes that the relevant state-court decision erroneously or incorrectly applied clearly established federal law. See id. at 411. "'Rather [the] application [by the state-court] must also be unreasonable.'" Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000) (quoting Williams, 529 U.S. at 411). See also Siers v. Weber, 259 F.3d 969, 973 (8th Cir. 2001).

The Court further explained in Williams that for a state-court decision to satisfy the "contrary to" prong of § 2254(d)(1), the state court must apply a rule that "contradicts the governing law as set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." 529 U.S. at 406. See also Price v. Vincent, 538 U.S. 634, 640 (2003). It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

For a state-court decision to satisfy the "unreasonable application of" prong of § 2254(d)(1), the state court decision must "identif[y] the correct governing legal principle from [the Supreme]Court's decisions but unreasonably appl[y] that principle to the facts of [a] prisoner's case." Williams, 529 U.S. at 413. See also Perry v. Johnson, 532 U.S. 782, 792-93 (2001). Upon explaining § 2254's legal standard, the Supreme Court held in Perry that "even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." Id. at 793 (citing Williams, 529 U.S. at 410-11). The Eighth Circuit has held that "[t]o the extent that 'inferior' federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness of the state court's resolution of the disputed issue." Atley v. Ault, 191 F.3d 865, 871(8th Cir. 1999).

Additionally, § 2254(d)(2) provides that an application for writ of habeas corpus should not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Further, pursuant to § 2254(e)(1), "[a] state court's determination on the merits of a factual issue is entitled to a presumption of correctness." Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001). The state court's factual determinations "must be rebutted by clear and convincing evidence." King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001). For purposes of federal habeas relief, the state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003), cert. denied, 540 U.S. 1059 (2003). See also Jones v. Luebbers, 359 F.3d 1005, 1011 (8th Cir. 2004) ("[A] state court decision involves 'an unreasonable

13

determination of the facts in light of th evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Boyd v. Minnesota, 274 F.3d 497, 501 n. 4 (8th Cir.2001)."), cert. denied, 125 S.Ct. 670 (Dec. 6, 2004).

The United States Supreme Court has recently defined the circumstances under which a state court reasonably applied federal law as follows:

> At the same time, the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations. Cf. Wright v. West, 505 U.S. 277, 308-309, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (KENNEDY, J., concurring in judgment).

Yarborough v. Alvarado, 541 U.S. 652, 124 S.Ct. 2140, 2149 (2004).

The Eighth Circuit has addressed the issue of how to determine whether a state court has addressed a claim on its merits so that the AEDPA standard of review applies. Brown v. Leubbers, 371 F.3d 458 (8th Cir. 2004), cert. denied, 123 S.Ct.1397 (Feb. 28, 2005). The court held in Brown that:

> [W]hat constitutes an adjudication on the merits? From the plain language of the statute and black-letter law, we know that the state court's decision must be a judgment--an adjudication--on a substantive issue--the merits (as compared with a procedural or technical point). A survey of opinions from our sister circuits demonstrates that, beyond these two considerations, resolving the question is not so easy. One thing is clear--no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits. That is as it should be, given one court's difficulty in divining the thought processes of another based only on language being used in certain ways, not to mention the comity issues that would be raised. Cf. Coleman v. Thompson, 501 U.S. 722, 739, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (noting in discussion of procedural default in state habeas

14

cases that the Court has "no power to tell state courts how they must write their opinions" so that reviewing "federal courts might not be bothered with reviewing state law and the record in the case"). We must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court.

Id. at 461.

Even where the bulk of a state court decision is "devoted to the state-law evidentiary question and whether 'the trial court abused its discretion' in excluding [evidence]," the Eighth Circuit has held that the "'summary nature' of the discussion of the federal constitutional question does not preclude application of the AEDPA standard." Id. at 462 (citing James v. Bowersox, 187 F.3d 866, 869 (8th Cir.1999)). The court further held in Brown that it "is not to say that citation to law and a key word from the application of that law--or anything else--is required for us to determine that the claim was adjudicated on the merits. We only hold that they suffice in this case for us to conclude that the Missouri Supreme Court's decision on this claim was an adjudication on the merits." Id.

Where a federal constitutional question, however, is not adjudicated on its merits in state court proceedings, it is not appropriate for a federal court to apply the standard of § 2254 as amended by the AEDPA, because there is no apparent state-court adjudication to which this standard can be applied. Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002) ("[B]ecause this claim apparently was not adjudicated by the [state] court, we likely should apply the pre-AEDPA standard of review."). Under the pre-AEDPA standard, a habeas petitioner must demonstrate a "'reasonable probability that the error complained of affected the outcome of the trial,' or that the verdict likely would have been different absent the now-challenged [error]." Id. at 865-66 (quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir.1987) (en banc)).

15

# IV.
# DISCUSSION

**Ground 2 - The trial court erred in improperly admitting photographic evidence:**

In support of Ground 2 Petitioner references the decision of the Missouri appellate court.

Upon addressing the issue of Petitioner's Ground 2 the Missouri appellate court held as follows:

> Next, Defendant claims the trial court abused its discretion in admitting into evidence the lewd photographs seized from Defendant's car, as they were irrelevant and prejudicial.
>
> The trial court is vested with broad discretion in the admission of evidence. State v. Strughold, 973 S.W.2d 876, 887 (Mo. App. E.D. 1998). Absent a clear abuse of discretion, we will not interfere with the trial court's ruling on the admission of evidence. Id. An abuse of discretion occurs where the ruling of the trial court clearly offends the logic of the circumstances or appears arbitrary or unreasonable. Id.
>
> Photographs are admissible if they are probative of any material fact. State v. Wilhite, 858 S.W.2d 293, 295 (Mo. App. 1993). A relevant photograph should not be excluded as inflammatory unless its prejudicial effect outweighs its probative value. Id.
>
> The State argues that the purpose of admitting these photographs was to show Defendant's state of mind and his motive for attacking the Victim. The State's theory, with virtually no support in the record, was that Defendant was staring at the photographs in his car, became sexually frustrated and then found a young girl to attack. The State thus contends that the photographs aided the jury in understanding why Defendant attacked Victim when he did. We disagree.
>
> Motive was not at issue in this case, nor was Defendant's state of mind. Further, forcible sexual crimes are better understood as motivated by the desire to exercise power and do violence, rather than by sexual need. We can conceive of no legitimate purpose for the admission of these photographs. We fail to see how the fact that Defendant was carrying lewd photographs is at all probative of whether Defendant attacked Victim on the day in question. We are thus left with the conclusion that the State sought to have the photographs admitted for the impermissible purpose of giving the jury the impression that Defendant was more likely to have assaulted Victim simply because he was a "dirty old man." Obviously, this is an improper inference and the trial court should not have admitted the photographs.
>
> However, although the admission of these photographs was erroneous, we reverse only for prejudicial error. State v. Crump, 986 S.W.2d 180, 188 (Mo. App. E.D. 1999). Such error will be found only when there is a reasonable probability that in the absence of such evidence, the verdict would be different. State v. Hanway, 973

> S.W.2d 892, 897 (Mo. App. W.D. 1998). The evidence showed that police apprehended Defendant in the immediate vicinity of the crime shortly after its commission. He matched the description given by the Victim. Victim positively identified him as her assailant a mere fifteen minutes after the attack. He was driving a car that perfectly matched the Victim's description. Given this overwhelming evidence of Defendant's guilt, we find Defendant suffered no prejudice as the result of the erroneous admission of these photographs, and his second point on appeal is denied accordingly.

Resp. Ex. F at 6-8.

Pursuant to Williams, the court will consider federal law applicable to the issue raised in Petitioner's Ground 2. The United States Supreme Court held in Estelle v. McGuire that "federal habeas corpus relief does not lie for errors of state law" and that "it is not province of a federal habeas court to reexamine state-court determinations on state-law questions." 502 U.S. 62, 67-68 (1991) (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984)). The Court further held that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68 (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam )). Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition. See Scott v. Jones, 915 F.2d 1188, 1190-91 (8th Cir. 1990). Indeed, questions concerning the admissibility of evidence are reviewable in federal habeas corpus proceedings only when the alleged error resulted in a trial so fundamentally unfair as to deny the petitioner due process of the law. Evans v. Luebbers, 371 F.3d 478, 2004 WL 1277980 (8th Cir. June 10, 2004) (holding that federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights") (citing Estelle, 502 U.S. at 68), cert. denied, 2005 WL 1277980 (Jan. 10, 2005); Rainer v. Department of Corrections, 914 F.2d 1067, 1072 (8th Cir. 1990). See also Sweet v. Delo, 125 F.3d 1144, 1157-58 (8th Cir. 1997) (holding that the exclusion of evidence violates due process if "the asserted error was 'so conspicuously prejudicial

17

or of such magnitude that it fatally infected the trial and deprived [the petitioner] of fundamental fairness'") (quoting Logan v. Lockhart, 994 F.2d 1324, 1330 (8th Cir. 1993)); Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir. 1988); Mercer v. Armontrout, 844 F.2d 582, 587 (8th Cir. 1988) (holding that to justify the grant of habeas corpus, the error must be "so `gross'... `conspicuously prejudicial'... or otherwise of such magnitude that it fatally infected the trial and failed to afford [petitioner] the fundamental fairness which is the essence of due process"); Manning-El v. Wyrick, 738 F.2d 321, 322 (8th Cir.1984) (holding that questions concerning admissibility of evidence are matters of state law and are not reviewable in a federal corpus proceeding unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process). Additionally, under federal law, "the admission of evidence is a matter of discretion for the trial court, and the trial court's determination that evidence is relevant and that its probative value outweighs the danger of unfair prejudice will not be reversed on appeal unless the trial court has abused that discretion." See United States v. Macklin, 104 F.3d 1046, 1048 (8th Cir. 1997) (citing United States v. Delpit, 94 F.3d 1134, 1146 (8th Cir.1996); United States v. Just, 74 F.3d 902, 904 (8th Cir.1996)).

The Missouri appellate court held that while the trial court's erred in admitting the photographs Petitioner was not prejudiced as a result of this evidentiary ruling; because he was not prejudiced, the error is harmless and cannot be a basis for setting aside Petitioner's conviction. Upon finding that Petitioner was not prejudiced, the Missouri appellate court cited the strength of the evidence that Petitioner was the assailant. Likewise, the United States Supreme Court held in Chapman v. California, 386 U.S. 18, 21-22 (1967) as follows:

> We are urged by petitioners to hold that all federal constitutional errors, regardless of the facts and circumstances, must always be deemed harmful. Such a holding, as petitioners correctly point out, would require an automatic reversal of their convictions and make further discussion unnecessary. We decline to adopt any

18

such rule. All 50 States have harmless-error statutes or rules, and the United States long ago through its Congress established for its courts the rule that judgments shall not be reversed for 'errors or defects which do not affect the substantial rights of the parties.' 28 U.S.C. s 2111. None of these rules on its face distinguishes between federal constitutional errors and errors of state law or federal statutes and rules. All of these rules, state or federal, serve a very useful purpose insofar as they block setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial. We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction.

> We prefer the approach of this Court in deciding what was harmless error in our recent case of Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171. There we said: '*The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.*' Id., at 86--87, 84 S.Ct. at 230. ...

> [B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt. (emphasis added).

Consistent with the Supreme Court's holding in Chapman, 386 U.S. at 21-22, the Missouri appellate court based its decision that the erroneous admission of the photographs did not warrant reversal of Petitioner's conviction on the strength of the evidence against Petitioner. This court finds, therefore, that the decision of the Missouri appellate court in regard to the issue of Petitioner's Ground 2 is not contrary to federal law and that it is a reasonable application of federal law. Additionally, the Missouri appellate court reasonably applied federal law to the facts of Petitioner's case. The court finds, therefore, that Petitioner's Ground 2 is without merit and that it should be dismissed.

## V.
## CONCLUSION

For the reasons stated above, the court finds that Petitioner has procedurally defaulted Grounds 1, 3, and 4. The court further finds without merit Petitioner's Ground 2. As such, the court finds that Petitioner's §2254 Petition for habeas relief should be dismissed in its entirety.

The undersigned further finds that the grounds asserted by Petitioner do not give rise to a any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner will not be granted a certificate of appealability in this matter. See Tiedeman v Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**, in its entirety [ Doc. 1];

**IT IS FURTHER ORDERED** that a separate judgement will be entered this same date;

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Petitioner for a certificate of Appealability will be **DENIED**.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of June, 2005.